1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10   DOUGLAS L. GOLLADAY,                    Civil No.      15cv2155 LAB (NLS)
     CDCR #AH-9802,
11
                                Plaintiff,   **ORDER:**
12
                                             **1)  GRANTING MOTION TO**
13                                           **PROCEED *IN FORMA PAUPERIS***
                                             **PURSUANT TO 28 U.S.C. § 1915(a)**
14              vs.                          **[ECF Doc. No. 2 ]**

15                                           **2)  DENYING MOTION TO**
                                             **APPOINT COUNSEL**
16                                           **[ECF Doc. No. 3]**
     J. HAMBURG,
17                                           **AND**

18                              Defendant.   **3)  GRANTING LEAVE TO**
                                             **AMEND**
19

20

21          Douglas L. Golladay ("Plaintiff"), currently incarcerated at Richard J. Donovan

22   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, initiated

23   this civil rights action by filing a one-page letter with the Court on September 24, 2015.

24   *See* ECF Doc. No. 1.

25          In his letter, Plaintiff claims to have been assaulted at RJD on August 17, 2015,

26   by J. Hamburg, whom the Court presumes is a fellow prisoner, and thereafter denied

27   medical attention. *Id.* at 1. He seeks $250,000 from unidentified RJD officials who failed

28   to treat his injuries and those who failed to protect him. *Id.*

Because Plaintiff is proceeding without counsel, the Court liberally construed his letter as an attempt to commence a civil action, and assigned it Civil Case No. 15-cv-2155 LAB (NLS). *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his letter. But he did file a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), as well as a Motion to Appoint Counsel (ECF Doc. No. 3). In addition, Plaintiff has since filed two separate letters, both addressed to the Clerk, which express his desire to amend his pleading to include additional Defendants: the "2 floor C/Os" who should have "been inside the building" and "on the floor" at the time he was attacked, and the "male nurse/medical staff" whom he claims failed to refer him to a doctor. *See* Pl.'s Letters (ECF Doc. Nos. 5, 7).[1]

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a $400 filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff

---

[1] Because the Court has previously permitted Plaintiff, in light of his pro se status, to file letters instead of the proper pleadings and motions required by the Federal Rules of Civil Procedure as well as this Court's Local Rules, he is hereby cautioned that Local Rule 83.9 prohibits him from "writing letters to the judge." S.D. CAL. CIVLR 83.9. Therefore, all future "matters to be called to the judge's attention should be formally submitted" as provided by S.D. CAL. CIVLR 5.1, 5.2, 7.1, and 8.2; any future letters addressed to either the Judge or the Clerk will be rejected, returned to him, and not filed. *Id.*; *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986) (noting that while a pro se litigant's allegations are liberally construed, he must nevertheless "follow the same rules of procedure that govern other litigants.").

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

is a prisoner, as Plaintiff is here, he may be granted leave to proceed IFP, but he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a CDCR Inmate Statement Report as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. This Report indicates Plaintiff has had no money credited to his account at RJD, carries a current encumbrance of $89.42 for medical supplies and copy charges, and had an available balance of zero at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

/ / /

Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Motion to Appoint Counsel**

In yet another letter addressed to the Clerk, Plaintiff requests the appointment of counsel to assist him because he is indigent, and "would like [an attorney] to assist [with his] paperwork." *See* Pl.'s Letter (filed as Motion to Appoint Counsel), ECF Doc. No. 3 at 1.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs*, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because nothing in the record at this stage of the proceedings suggests he is incapable of articulating the factual basis for his claims, and any evaluation of his likelihood of success on the merits is premature. *Id.* Therefore, no exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

/ / /

### III.   Plaintiff's Requests to Amend

As noted above, Plaintiff has also filed two separate letters, both addressed to the Clerk, which indicate he wishes to amend his original pleading to include additional Defendants: the "2 floor C/Os" who should have "been inside the building" and "on the floor" at the time he was attacked, and the "male nurse/medical staff" who failed to refer him to a doctor. *See* Pl.'s Letters (ECF Doc. Nos. 5, 7).

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, amendment is only permitted if the opposing party consents or the court grants leave to amend. FED. R. CIV. P. 15(a)(2). Even then, "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting FED. R. CIV. P. 15(a)).

Accordingly, while the Court's permission to amend was not required under the circumstances since Plaintiff's case is still in its preliminary stages and no pleading has yet to be served on any party, it hereby grants Plaintiff's letter requests to file an Amended Complaint adding new parties and/or claims (ECF Doc. Nos. 5, 7).

### IV.   Initial Screening

Notwithstanding Plaintiff's IFP status, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte screen and dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Because the Court has granted Plaintiff leave to amend, it will defer its mandatory screening of Plaintiff's original pleading pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) until *after* he has an opportunity to present all his claims against each person or entity he seeks to hold liable pursuant to 42 U.S.C. § 1983 in one complete Amended Complaint. Plaintiff is cautioned, however, that his Amended Complaint will supersede, or replace, his original Complaint (ECF Doc. No. 1), and that his Amended Complaint must, therefore, be is complete by itself, name *all* the parties he intends to sue, and include a "short and plain statement" of any and all grounds upon which he claims entitlement to relief. *See* FED. R. CIV. P. 8(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes

the original."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This Court will consider "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint [as] waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (holding that while "claims dismissed with prejudice and without leave to amend" need not be repled to preserve them in the event of an eventual appeal, "claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled.").

Thus, because Plaintiff's Amended Complaint will be subject to the same screening his original Complaint would have received pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) had he not first sought leave to amend it, Plaintiff should take care to ensure that his Amended Complaint identifies *all* Defendants *by name* and contains sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what each individual Defendant did to cause him injury. *See Iqbal*, 556 U.S. at 677-78. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* at 676.

**V.    Conclusion and Order**

For the reasons set forth above, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

/ / /

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **GRANTS** Plaintiff's requests to file an Amended Complaint (ECF Doc. Nos. 5, 7). Plaintiff's Amended Complaint, should he elect to file one, must be filed with the Court no later than **Monday, January 11, 2016**. If Plaintiff does *not* file an Amended Complaint by that time, the Court will presume he wishes to proceed only with the claims already alleged against the Defendants previously identified in his original pleading (ECF Doc. No. 1), and will conduct its screening of only that pleading pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5.     **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of this Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending. If he chooses to amend, Plaintiff should title his pleading as his "First Amended Complaint," identify all the persons or entities he intends to sue by name, and include Civil Case No. 15-cv-2155 LAB (NLS) in its caption.

6.     **DENIES** Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 3) without prejudice.

**IT IS SO ORDERED.**

DATED:  December 15, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge