UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS L. GOLLADAY, CDCR #AH-9802,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. HAMBURG; A. JAVARES, LVN; C/O DOLAN,<br><br>                              Defendants. | Case No.:  3:15-cv-2155-LAB-NLS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii) AND**<br>**28 U.S.C. § 1915A(b)(1)** |

Douglas L. Golladay ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.      Procedural History**

Plaintiff initiated this case by filing a one-page letter in which he claimed to have been assaulted by a fellow prisoner and later denied medical attention. *See* Compl., ECF No. 1 at 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") and a Motion for Appointment of Counsel, followed by two additional letters seeking leave to amend his pleading in order to name the RJD officials he wished to hold liable. *See* ECF Nos. 2, 3, 5, 7.

On December 16, 2015, the Court granted Plaintiff's IFP Motion, denied his motion for appointment of counsel, and granted him leave to amend. *See* ECF No. 8. The Court deferred its mandatory screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A in light of Plaintiff's anticipated amendment. *Id.* at 6-7. Plaintiff has since filed a First Amended Complaint (ECF No. 11).

## II.      Initial Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A.      Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Plaintiff's Allegations

Plaintiff contends that sometime in mid- to late August, 2015, he was "attacked" by a fellow inmate named J. Hamburg, who "lived next door to [him]" shortly after they were both released from their cells into the dayroom for breakfast. *See* ECF No. 11 at 4. Plaintiff claims he was seated in his wheelchair when Hamburg struck him 4-6 times in the head with a "bag full of state soap" about the "size of a basketball" and weighing 4-8 pounds. *Id.* at 2, 8. Plaintiff claims a tower guard named Cummins and a Counselor named Lewis

(or Louis) were present, but there "were no guards on the floor" at the time. However, an alarm was sounded and "[a]fter 1-2 minutes several guards came running in [and] looked around to a[ss]ess the problem." *Id.* at 8. Plaintiff contends Defendant Doran was the "floor cop" at the time he was attacked, but he "was not in [the] building" at the time, and a "second floor cop was at chow hall." *Id.* at 2, 5.

After the attack, Hamburg was questioned, ordered to pack up his belongings, and escorted out. *Id.* at 8. Plaintiff was taken to the gym and placed "into a cage" where Defendant Javares, a nurse, evaluated his injuries, cleaned a wound on his arm, and gave him a bandage. *Id.* at 3, 9. Plaintiff alleges Javares was then "called away by a guard," and provided no follow-up, except to "clean the blood coming out of the bandage." *Id.* at 3. According to the CDCR 7219 Medical Report of Plaintiff's injuries, which he attached to his First Amended Complaint, Plaintiff was evaluated by Javares at 7:25 a.m., reported pain in the top of his head, had a "cut/laceration/slash" on his left forearm, and "dried blood" on his face. *Id.* at 9. A physician was notified at 8:16 a.m. and Plaintiff was returned to custody "ambulatory" approximately ten minutes later, at 8:25 a.m. *Id.*

Plaintiff seeks $250,000 in general and punitive damages from Hamburg, whom he surmises attacked him "to lower [an] account" he owed for a drug habit, *id.* at 4, 7, and the same from both Defendant Dolan, whom he claims "should have known at least one of the guards were supposed to have been on the floor," *id.* at 2, 5, 7, and Nurse Javares who "did not follow through with his work." *Id.* at 2, 7.

### C.   42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

**D.     "Under Color of State Law"**

Plaintiff alleges Defendants Javares and Dolan are prison officials assigned to RJD at the time he was attacked, and that they acted in their official capacities at the time he was injured. *See* ECF No. 11 at 2. "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 42.[1]

As to Defendant Hamburg, however, Plaintiff alleges only that he was an "inmate" acting in his individual capacity. *See* ECF No. 11 at 2. Section 1983 only provides a cause of action against persons acting under color of state law, *West*, 487 U.S. at 48, and no remedy for purely private conduct. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Purely private conduct, no matter how wrongful, is not addressable under § 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).

Simply put–there is no right to be free from the infliction of constitutional deprivations by private individuals or entities. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). And although a private person may act under color of state law when engaging in a conspiracy with a state official to deprive a person of federal rights,

---

[1] Plaintiff does *not* allege that either Dolan or Javares acted in their individual capacities. *See* ECF No. 11 at 2. However, because he seeks damages from these state officials and is proceeding pro se, the Court will presume, for purposes of screening his First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) only, that Plaintiff seeks to sue Dolan and Javares in their individual capacities as well, since a suit for damages against them would otherwise be barred by the Eleventh Amendment. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("We . . . have presumed that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued."); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (plaintiff can establish personal liability in a § 1983 action simply by showing that the official acted under color of state law in deprivation of a federal right.).

*see Tower v. Glover*, 467 U.S. 914, 920-23 (1984)*; Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), or by otherwise "act[ing] as an 'instrument or agent of the Government,'" *George v. Edholm*, 752 F.3d 1206, 1215 (9th Cir. 2014) *(quoting Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614 (1989)), Plaintiff's First Amended Complaint does not contain any "factual content" sufficient to show that a conspiracy existed between Hamburg and any state official, or that Hamburg was "induce[d], encourage[d] or promote[d]" by a state actor "to accomplish what [the state] [wa]s constitutionally forbidden to accomplish." *George*, 752 F.3d at 1215 (quoting *Norwood v. Harrison*, 413 U.S. 455, 465 (1973) (internal quotation marks omitted)); *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's claims against Hamburg must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

E. **Failure to Protect**

As to Defendant Dolan, the "floor cop," Plaintiff contends only that he "should have known at least one the guards [was] supposed to have been on the floor of H.U. [housing unit] 8 on the day of [his] attack." *See* ECF No. 11 at 2.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison officials he seeks to hold liable were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer,* 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's First Amended Complaint contains no facts to plausibly suggest that he faced a "substantial risk of serious harm" at the time he was attacked by Hamburg; nor does it contain allegations sufficient to reasonably infer that Dolan was aware Plaintiff faced any risk at the hands of Hamburg, or any other inmate. *Id.; Iqbal*, 556 U.S. at 678. Plaintiff also fails to allege that Dolan drew any such inference, or was aware of any facts demonstrating an "obvious" risk. *Farmer*, 511 U.S. 842; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like recklessness in criminal law, deliberate indifference . . . may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").

Instead, Plaintiff simply claims Dolan was not present when he was injured, *see* ECF No. 11 at 5, and that Dolan "should have known that at least one of the guards [was] supposed to have been on the floor." *Id.* at 2. However, even "[i]f a person should have been aware of the risk, but was not," the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

For these reasons, the Court finds Plaintiff's failure to protect claims against Dolan also must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### F. Inadequate Medical Care

Plaintiff also claims Nurse A. Javares evaluated him after he was attacked by Hamburg, but he only "clean[ed] and bandage[d] [his] left forearm," "ask[ed] a question," and "wrote a few things upon a chart," before he was called away. *See* ECF No. 11 at 3. Plaintiff seeks to hold Javares liable because he "never returned for any other follow up," and failed to "give [him] extra bandages," or "had [him] go to see an M.D." *Id.*

These allegations are simply insufficient to state a plausible Eighth Amendment claim. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks

omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept*., 865 F.2d 198, 200-01 (9th Cir. 1989).

Here, Plaintiff contends he was hit in the head with a bag of soap, and the CDCR 7219 Medical Report completed by Defendant Javares and attached to Plaintiff's pleading shows he reported injuries consistent with his allegations: pain to the top of his head, a "cut/laceration/slash" to his left forearm, and dried blood on his face. *See* ECF No. 11 at 9. Plaintiff further admits that Javares evaluated these injuries immediately after the incident, which occurred between 7 and 7:30 a.m., cleaned his wound, and bandaged his forearm. *Id.* at 3. Javares' report also indicates Javares notified a physician at 8:16 p.m. before he was returned to custody as ambulatory at 8:25 a.m. *Id.* at 9.

Thus, even assuming Plaintiff's injuries were sufficiently serious, *McGuckin*, 914 F.2d at 1059, his First Amended Complaint still fails to include sufficient "factual content" to show that Javares acted with "deliberate indifference" to his needs. *Id.* at 1060; *see also*

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

While Plaintiff implies Javares should have done more because he "may [have] had a mild concussion and possible whiplash," *see* ECF No. 11 at 11, his pleading lacks the "further factual enhancement" which demonstrates Javares' "purposeful act or failure to respond to [his] pain or possible medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

This is because to be deliberately indifferent, Javares' acts or omissions must involve more than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the [defendant] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Plaintiff's First Amended Complaint, however, contains no facts sufficient to show that Javares or any other medical official acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety," *Farmer*, 511 U.S. at 837, and "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi,* 391 F.3d at 1057 (citation omitted).

Accordingly, the Court finds that Plaintiff also fails to state an Eighth Amendment inadequate medical care claim against Nurse Javares, and that therefore, his First Amended Complaint is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### G.     Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's First Amended Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix, if he can, each pleading deficiency discussed in this Order.

## III.   Conclusion and Order

For all the reasons discussed, the Court:

1)     **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 11) for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2)     **GRANTS** Plaintiff forty-five (45) days leave in which to file a Second Amended Complaint. Plaintiff is cautioned, however, that his Second Amended Complaint must address all the deficiencies of pleading identified in this Order, and must be complete in itself without reference to his previous pleadings. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty,* 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and

3)     **CAUTIONS** Plaintiff that should he fail to file a Second Amended Complaint within the time provided, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order

requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated:  May 23, 2016

Hon. Larry Alan Burns
United States District Judge