UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DOUGLAS L. GOLLADAY,<br>CDCR #AH-9802,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>J. HAMBURG, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:15-cv-2155-LAB-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO COMPLY WITH COURT ORDER REQUIRING AMENDMENT** |
|---|---|

　　Plaintiff, Douglas L. Golladay, is a prisoner at Richard J. Donovan Correctional Facility in San Diego. He has been granted leave to proceed in forma pauperis, but his first amended complaint was dismissed with leave to amend because it failed to state a claim. Because Plaintiff has not filed a second amended complaint, the Court now dismisses his case.

## **Background**

　　On May 24, 2016, the Court screened Plaintiff's first amended complaint and dismissed it in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A (Doc. No. 12). The Court provided Plaintiff with an explanation of his pleading deficiencies, and granted him an opportunity to fix them. *See* Doc. No. 12 at 4-11. Plaintiff was given 45 days, or

until approximately July 8, 2016, to file his second amended complaint, and warned that if he failed to do so, his case would be dismissed without further leave to amend. (*Id.* at 10-11, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."); *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

## Conclusion

The time for amendment has now passed, and Plaintiff has not filed a second amended complaint. Therefore, the Court dismisses this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's May 24, 2016 Order.

The Court further certifies that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and directs the Clerk to enter a final judgment of dismissal and to close the file.

IT IS SO ORDERED.

Dated: July 26, 2016

_____
HON. LARRY ALAN BURNS
United States District Judge